Dear Chief Gales:
You advise this office that you are the elected chief of police for the Town of Newellton, a municipality governed by the provisions of the Lawrason Act, La.R.S. 33:321, et seq. You ask this office to advise you (1) if the mayor and the board of aldermen can compel you to do "shift work," and (2) if the mayor and the board of aldermen can require you to park your police vehicle at the police department while you are on vacation and also while you are taking personal days off from work.
At the outset, we point out here that the jurisprudence recognizes that an elected chief of police, as the chief law enforcement officer of a Lawrason Act municipality, has the inherent power and authority to supervise and direct the administration and day-to-day operation of the police department. The governing authority cannot infringe upon the chiefs inherent power and authority. SeeLentini v. City of Kenner,252 La. 413, 211 So.2d 311 (La. 1968); Cogswell v. Town ofLogansport, 321 So.2d 774 (La. App. 2d Cir. 1975); see also La. Atty. Gen. Ops. 02-77, 02-15, 00-51, 99-27, 94-73, 93-580, 93-446, 93-13, and 88-115.
In the opinions cited above, this office has repeatedly recognized that a chief of police is an elected official who cannot be relegated to the inferior position of a municipal employee. As an elected official and not an employee, the chief of police is not required to keep a time sheet, nor can his working hours be set bythe board of aldermen. See La. Atty. Gen. Op. 07-113. Thus, in response to your first question, it is the opinion of this office that the mayor and the board of aldermen cannot require you to perform "shift work" for the police department. *Page 2 
However, with respect to your second question, this office has recognized that a municipal governing authority can by ordinance restrict the use of police vehicles and property to official business, and that such a restriction would not interfere with the inherent powers of an elected chief of police. See La. Atty. Gen. Ops. 00-398, 99-190, 97-558, 96-475, and 77-391.
In La. Atty. Gen. Op. 00-389, this office stated, "It is an established principle that the mayor and alderman may not revoke the `inherent powers' of an elected chief of police of a Lawrason Act municipality to operate, control and administer police department personnel. This inherent authority, however, applies only to the official law enforcement use of municipal police vehicles." CitingLentini, supra, this office then advised that the personal use of city police vehicles by the chief of police must be approved by the mayor and board of aldermen, and that the mayor and board of alderman may specifically request that municipal vehicles be used by the chief of police only when he is working or conducting business relative to the municipal police department.
Accordingly, it is the opinion of this office that the mayor and the board of aldermen may require you to restrict your use of your assigned vehicle to official business, and may further require you to park the vehicle at the police department when you are not using the vehicle for the official business of the town.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 very truly Yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg